IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CALDERON-SILVA,

    Petitioner,               No. CIV S-07-2420 LKK GGH P

    vs.

JOHN F. SALAZAR, Warden,      ORDER &

    Respondent.[1]            FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the petition as barred by the AEDPA statute of limitations, filed on 2/06/08, to which petitioner filed an opposition, after which respondent filed a reply.  Petitioner herein challenges a 4/14/04 prison disciplinary action wherein petitioner was found guilty of possession of heroin, contending that he was deprived of both his right to due process and his right to equal protection (i.e., subjected to racial discrimination) in violation of the Fourteenth Amendment at the hearing.  Petition, pp.

---

[1] Respondent has provided the appropriate name for the respondent in this action, which the court herein directs the Clerk of the Court to substitute for "CDC, et al."

1

1-19.[2]  Petitioner contends that his prison sentence will be increased absent expungement because he will not be found suitable for parole.  Petition, pp. 11-12, 19.

Background

        To provide context for this petition and the pending motion, the court finds it useful to take judicial notice[3] of a prior case brought by petitioner, CIV-S-03-1508 DFL GGH P. The court quotes in some length from the 10/26/06 Findings and Recommendations, at pp. 2-3, in the earlier case, which were adopted by Order, filed on 2/27/07:

> On July 15, 2003, petitioner filed the original petition. Petitioner challenged his April 10, 2001, disciplinary conviction for distribution of narcotics in violation of Cal. Code Regs. tit. 15, § 3016.
>
> On February 2, 2005, the court ordered petitioner to show cause why this action should not be dismissed because the court lacked jurisdiction. In particular, the court was concerned that when petitioner filed the petition he was no longer in custody for the conviction. Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923 (1989)(federal courts have jurisdiction to entertain habeas petitions only from persons who are 'in custody' under the conviction under attack). At the time petitioner filed his petition, the six month Security Housing Unit term imposed as punishment had expired.
>
> On May 7, 2005, petitioner filed a response to the February 2, 2005, order.  Petitioner stated that on August 9, 2001, his rules violation was ordered re-heard for the lesser offense of possession of heroin. The rehearing process did not begin until the Chief Disciplinary Hearing Officer issued a memorandum on February 23, 2004, ordering the rehearing. On April 14, 2004, petitioner was found guilty of the lesser offense.
>
> On April 26, 2005, the court dismissed petitioner's original petition with leave to file an amended petition challenging his 2004 conviction for possession of heroin. On May 31, 2005, petitioner filed an amended petition. On June 29, 2005, respondent filed a motion to dismiss.  Respondent argued that because petitioner was not punished for this conviction, he did not satisfy the custody requirement for habeas jurisdiction.  Maleng, supra.

---

[2] The electronic pagination of the court's docketing system is referenced.

[3] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1  On October 12, 2005, the court ordered the parties to file further briefing addressing whether expungement of petitioner's disciplinary conviction for possession of heroin was likely to accelerate his eligibility for parole. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989)(in habeas petition, a prisoner may seek expungement of a disciplinary finding from his record if expungement is likely to accelerate parole eligibility).

On January 31, 2006, the court denied respondent's June 29, 2005, motion to dismiss after finding that expungement of the disciplinary conviction was likely to accelerate petitioner's parole eligibility.

On March 1, 2006, respondent filed the pending motion to dismiss. Respondent argues that petitioner has not exhausted in state court his claims challenging the April 14, 2004, disciplinary conviction for possession of heroin. On September 22, 2006, petitioner filed an opposition. Petitioner, in essence, concedes that he has not exhausted his claims. Petitioner argues that the court led him to believe that no further remedies remained available in state court.

As far as this court is aware, further remedies remain available to petitioner in state court to challenge the April 14, 2004, disciplinary conviction.

Following adoption of the recommendation of the undersigned to grant respondent's 3/01/06 motion to dismiss the amended petition as unexhausted, as noted above, in CIV-S-03-1508 DFL GGH P, the petition was dismissed and judgment thereon entered on 2/27/07. Having subsequently exhausted his state court remedies, on 3/21/07, petitioner pro se evidently sought to proceed in CIV-S-03-1508 DFL GGH P, a closed case, on a further amended petition on 4/19/07 and again on 5/29/07. The 4/19/07 amended petition was ordered to be disregarded on 5/01/07; following petitioner's second attempt to file an amended petition on 5/29/07, the undersigned, on 6/13/07, in addition to again directing that the inapposite filing be disregarded, also explicitly informed petitioner that if he had exhausted his state court remedies, he would need to proceed in a new action. Petitioner filed the instant petition on 11/09/07.

\\\\\

\\\\\

3

Motion to Dismiss

*Applicable Legal Standard*

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The applicable provision for petitions that challenge administrative decisions is § 2244(d)(1)(D), and "the limitation period in such cases begins to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004), citing Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003). The Shelby Court noted that in Redd, a challenge to a parole board's denial of an administrative appeal, it had found that the statute of limitations began running the day after petitioner received notice of the Board's decision. Likewise, the Ninth Circuit applies the same standard in the context of denials of administrative appeals of prison disciplinary actions. Id., at 1063-1065.

\\\\\

\\\\\

*Discussion*

Respondent first argues that petitioner allegedly completed the inmate appeals process challenging the 4/14/04 disciplinary hearing on 5/18/04, contending the respondent therefore had discovered the factual predicate for his claim. Motion to Dismiss (MTD), pp. 4-5, citing Petition, Exhibit (Ex.) B at 1. According to respondent, petitioner did not commence exhausting his state court remedies until he filed a petition in the state supreme court on 11/29/06, which was denied on 3/21/07. MTD, pp. 3-5, Exs. 1 & 2. As noted, petitioner filed the instant petition on 11/09/07.

A review of Exs. A and B to the petition reveals that the original Rules Violation Report (RVR), logged as 100-07-038, on 2/23/04, was ordered to be reissued and reheard, which resulted in the 4/14/04 re-hearing, wherein petitioner was found guilty of possession of heroin. At the re-hearing, 30 days of the original 180 days assessed were restored, leaving petitioner with a credit loss of 150 days. The court's review of respondent's Ex. 1 (also included as Ex. B to the petition), indicates that a second level appeal response was dated 5/18/04, on an appeal now identified as Log No. FSP 04-00758, wherein the appeal was partially granted to the extent that the 150-day credit forfeiture was to be restored and petitioner's release date recalculated; that is, the second level appeal partial grant response restored the remaining 150 days of credit loss. There is no indication by either petitioner in opposition or by respondent that any further appeal was filed administratively, even though the second level partial grant response indicates that petitioner could submit the grievance for a director's level review.

The question to be resolved is the import of petitioner's apparent failure to file a director's level appeal, i.e, to complete the administrative exhaustion process, which completion triggers the running of the AEDPA statute of limitations in this case. Obviously, petitioner's failure to take the last step to conclude the administrative review process cannot have the anomalous effect of never having commenced the running of the AEDPA statute. Under CAL. CODE REGS. tit.xv, § 3084.6, an inmate appellant has "15 working days" within which to submit an

appeal "of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision."  Since petitioner evidently failed to process his grievance to the final level of administrative review, the court finds that the date on which petitioner could have discovered the "factual predicate of his claim... through the exercise of due diligence" was the day on which time expired within which he could have timely filed an appeal to the third or director's level of review.  In this instance, petitioner would have had 15 working days to file the final administrative appeal after receiving the 5/18/04 second level appeal partial grant response, or until about 6/08/04.  Therefore, the AEDPA statute of limitations commenced running the day after, see Shelby v. Bartlett, 391 F.3d at 1063-1065, on 6/09/04, and expired on 6/08/05.

During this period, petitioner had a petition pending in federal court, as noted above.  However, while § 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation, this has no application in the context of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001) (the pendency of an earlier federal petition does not extend the AEDPA statute of limitations); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding "that § 2244(d)(2) does not toll the AEDPA limitations period while a federal habeas petition is pending.").  There is no representation that petitioner filed any state court petition raising the instant claims before he filed the state supreme court petition, which was not filed until 11/29/06.  Thus, the interval tolling available under 28 U.S.C. § 2244(d)(2), during the pendency of a properly filed application for state collateral review regarding the relevant claim is not applicable in this context.  Moreover, § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitation period once it has run (i.e., restart the clock to zero).  Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitation period under § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jiminez v. Rice, 276 F.3d at 482.

The instant petition, filed on 11/09/07, was filed 884 days, or nearly two and one-half years beyond the expiration of the AEDPA statute of limitations. Therefore, the only remaining question is whether petitioner could be entitled to equitable tolling for the entire two-and-a-half year period which spans the time from the correct and applicable date for the commencement of the statutory one-year limitations period until the filing of the instant petition.[4]

*Equitable Tolling*

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, supra, at 418, 125 S. Ct. at 1814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002)(a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the rule." Id.

Although petitioner relies in large part on the prior federal petition, which was pending during some of the time at issue here,[5] the undersigned has previously observed that no statutory tolling is available for any period during which the previous federal petition was pending. To grant equitable tolling for a period of time expressly excluded for purposes of calculating statutory tolling periods would constitute an absurd end run, wholly undermining the purpose of the limitation period set forth in the AEDPA. The court cannot find that petitioner is

---

[4] Respondent's alternate argument – if the statute of limitations started at the time of the first federal filing, this second filing is still too late – is not an argument recognized by any authority.

[5] The prior petition, CIV-S-03-1508 DFL GGH P, was filed on 7/15/03, and was dismissed on 2/27/07, with judgment entered thereon.

1 entitled to equitable tolling for the relevant time during which the prior petition was pending.

2 Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court substitute
3 the name of John F. Salazar, Warden, as respondent, in place of "CDC, et al.," in the docket of
4 this case.

5 IT IS HEREBY RECOMMENDED that respondent's motion to dismiss, filed on
6 2/06/08 (# 8), be granted and this action be dismissed as barred by the AEDPA statute of
7 limitations.

8 These findings and recommendations are submitted to the United States District
9 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
13 shall be served and filed within ten days after service of the objections.  The parties are advised
14 that failure to file objections within the specified time may waive the right to appeal the District
15 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16 DATED: 10/06/08

/s/ Gregory G. Hollows

17 
_____
GREGORY G. HOLLOWS
18 UNITED STATES MAGISTRATE JUDGE

19 GGH:009/silv2420.mtd